**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH CONSTANT,

    Plaintiff,

v.

DTE ELECTRIC COMPANY,
LELAND PRINCE, JAMES M.
HAMMOND, SHALINA D. KUMAR,
CHERYL A. MATTHEWS, MICHAEL
DAVID WARREN, JR., NANCI J.
GRANT, RAE LEE CHABOT, KAREN
M. FORT HOOD, DEBORAH A.
SERVITTO, and JANE M. BECKERING,

    Defendants.
_____/

Civil Action No. 19-10339

HON. DENISE PAGE HOOD

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS [ECF Nos. 23, 24, 25]
and ENJOINING ANY FURTHER FILINGS
BY PLAINTIFF WITHOUT LEAVE OF THE COURT**

**I.   INTRODUCTION**

*Pro se* Plaintiff filed the instant cause of action on February 4, 2019, and filed an amended complaint on June 17, 2019 (the "First Amended Complaint"). There are three "groups" of Defendants, each of which has filed a Motion to Dismiss: (1) the "Court of Appeals Defendants" (Deborah A. Servitto, Karen M. Fort Hood, and Jane M. Beckering) [ECF No. 23]; (2) the "DTE Defendants" (DTE Electric Company,

Leland Prince, and James M. Hammond) [ECF No. 24]; and (3) the "Oakland County Defendants" (Shalina D. Kumar, Michael David Warren, Jr., Cheryl A. Matthews, Rae Lee Chabot, and Nanci J. Grant) [ECF No. 25]. In their Motion to Dismiss, the DTE Defendants also ask the Court to enjoin Plaintiff from filing additional suits regarding the underlying subject matter without the court's permission.

Plaintiff filed three documents that the Court will treat as his collective response to the Motions to Dismiss. [ECF Nos. 29, 30, 31] The issues in the Motions to Dismiss have been adequately presented in the parties' briefs, such that oral arguments are not necessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Court GRANTS all three Motions to Dismiss and ENJOINS Plaintiff from filing any new cases against any of the named Defendants regarding the underlying subject matter of this case without leave of the Court.

## II. BACKGROUND[1]

In 2013, DTE brought suit against Plaintiff in the Oakland County Circuit Court ("Circuit Court"). Defendant Leland Prince is an in-house DTE attorney who handled the trial court litigation of a 2013 lawsuit filed by DTE against Plaintiff. Defendant

---

[1]For a more detailed description of the underlying events and history of Plaintiff's state court cases, see the Michigan Court of Appeals decision issued on August 16, 2018, as amended on August 21, 2018. ECF No. 23-2 (*DTE v. Hammond et al.*, unpublished per curiam opinion of the Court of Appeals, issued August 16, 2018 (Docket Nos. 336489; 336620; 337483; 338455; 338686)).

James Hammond is a DTE employee who submitted an affidavit in the 2013 suit, the substance of which was that trees on Plaintiff's property needed to be trimmed. As a result of the 2013 suit, preliminary and permanent injunctions orders issued by Circuit Court judge and Defendant Shalina D. Kumar allowed DTE to trim trees on Plaintiff's property. Plaintiff appealed the Circuit Court orders to the Michigan Court of Appeals, the Michigan Supreme Court, and the United States Supreme Court, but none of those courts reversed the trial court or issued a judgment in favor of Plaintiff. *See DTE v.Constant,* unpublished per curiam opinion of the Court of Appeals, issued December 4, 2104 (Docket No. 317976) (Michigan Court of Appeals); *DTE v. Constant*, 498 Mich.App. 883 (2015) (Michigan Supreme Court); *Constant v. DTE*, 136 S.Ct. 1664 (2016).

Since the 2013 suit, Plaintiff has initiated many cases against DTE, its representatives, and/or the Oakland County Defendants, including:

    A.    The cases attached to the Motion to Dismiss filed by the DTE Defendants, which include: (i) a Judgment of the Michigan Court of Appeals – issued by Defendants Karen M. Fort Hood, Deborah A. Servitto, and Jane M. Beckering – affirming the dismissal of five of Plaintiff's state court lawsuits, including lawsuits against DTE (2 cases), Prince (2 cases), and Hammond (1 case); (ii) an order issued by Judge Sean F. Cox of this court dismissing claims brought by Plaintiff against DTE and Hammond (No. 15-11927); and (iii) a second order by Judge Cox dismissing a cause of action brought by Plaintiff against Hammond (No. 16-10629). *See* ECF Nos. 24-2, 24-3, and 24-4.

    B.    Numerous cases filed in state court and federal court against, among

>others, Defendants Shalina D. Kumar, Michael David Warren, Cheryl A. Matthews, Rae Lee Chabot, and Nanci J. Grant, all of whom are or were Circuit Court judges who presided over all or part of Plaintiff's cases in the Circuit Court. *See, e.g., Constant v. Chabot*, No. 17-10018 (E.D. Mich. Feb. 1, 2017) (ECF No. 4, PgID 14); *Constant v. Kumar*, No. 15-11926 (E.D. Mich. 2015).

All of Plaintiff's prior causes of action alleged injury to his vegetation or claimed injury from the judgment(s) entered against him in the state court actions he filed.

In the instant action, Plaintiff alleges that the Court of Appeals Defendants and the Oakland County Defendants conspired with the DTE Defendants. Plaintiff alleges the DTE Defendants donated funds to the judicial election campaigns of the Court of Appeals Defendants and the Oakland County Defendants so that the Court of Appeals Defendants and the Oakland County Defendants would decide Plaintiff's state-court lawsuits against the DTE Defendants in favor of the DTE Defendants. ECF No. 11, PgID 149-56.

## III. ANALYSIS

*Pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the leniency granted to *pro se* litigants is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). All litigants must conduct a reasonable inquiry before filing any pleadings. Fed. R. Civ. P. 11(b).

  **A.** **The Court of Appeals Defendants and the Oakland County**

4

**Defendants are Entitled to Absolute Immunity**

It is well-established law that judges are absolutely immune from suits arising out of the performance of their judicial functions. *See, e.g., Pulliam v. Allen*, 466 U.S. 522 (1984) (judicial immunity is a bar to a Section 1983 claim for damages, but not necessarily a Section 1983 claim for prospective injunctive relief); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994) (same). *See also* Federal Courts Improvement Act of 1996, Pub. Law No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996) (forbidding injunctive relief absent a violation of a declaratory decree or the unavailability of declaratory relief, therefore effectively – if not formally – extending absolute judicial immunity to claims for injunctive relief).

Having reviewed Plaintiff's First Amended Complaint, the Court concludes that none of the alleged actions by any of the Court of Appeals Defendants or the Oakland County Defendants falls outside of the scope of judicial immunity. Regardless of the manner in which Plaintiff alleges the Court of Appeals Defendants and Oakland County Defendants, including conspiring with others to benefit DTE, Plaintiff's allegations directly challenge actions taken by such defendants in the exercise of their judicial functions. Specifically, and by example, the Court notes that Plaintiff challenges that the conspiracy "unlawfully, illegally and illicitly and fraudulently deliver[ed] to DTE the [following] listed racketeering and conspiracy objectives . . .

5

1) A judgment of property easement rights over and against [his] property without DTE paying [Plaintiff] any money for the easement rights[;] 2) An order of permanent injunction against [Plaintiff; and] 3) an order of preliminary injunction against [Plaintiff.]" ECF No. 29, PgID 11019-20. The Court finds that allegations set forth in the First Amended Complaint fail to allege, and the Court finds that the allegations do not allow for an interpretation, that any actions by any of the Court of Appeals Defendants or the Oakland County Defendants stem from any activity(ies) other than those undertaken in the performance of his or her judicial functions.

Accordingly, the Court holds that the Court of Appeals Defendants and the Oakland County Defendants are entitled to absolute judicial immunity. The Court dismisses Plaintiff's cause of action against the Court of Appeals Defendants and the Oakland County Defendants.

**B.    DTE Defendants - Absence of Subject Matter Jurisdiction**

In the First Amended Complaint, Plaintiff indicates that this Court has federal question jurisdiction over his 42 U.S.C. § 1983 claims against the DTE Defendants. ECF No. 11, PgID 150 (¶10) ("This complaint in this United States Federal District Court now seeks to establish these violations of the Constitution and Federal laws of the United States in more details and to secure the remedies of the law, that the Constitution and the laws of the United holds, that I am entitled to."). As recently

stated by Judge Cox:

> "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was *committed by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (emphasis added).

*Constant v. Hammond*, No. 16-10629, ECF No. 10, PgID 118-19 (emphasis in original).

Because the Court has dismissed the Court of Appeals Defendants and the Oakland County Defendants, the only remaining Defendants in this action are: (1) DTE, a private corporation; (2) Hammond, an employee of DTE; and (3) Prince, an attorney for DTE. It is well-established law that:

> [P]rivate corporations and their employees do not act under color of state law. *See, e.g., Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358–59 (1974) (holding that heavily regulated electric company's decision is not a state action); *Rendell–Baker v. Kohn*, 457 U.S. 830, 840–42 (1982); (holding that private school's decisions not attributable to state despite extensive state regulation of school); *Blum v. Yaretsky*, 457 U.S. 991, 1008–12 (1982) (holding that nursing home not a state actor despite extensive state regulation of the industry); *Adams v. Vandemark*, 855 F.2d 312, 317 (6th Cir. 1988) (holding private corporation not a state actor despite being subject to state regulation); *Sanford v. DTE Energy Co.*, 2009 WL 790496 (E.D. Mich. 2009).

*Constant v. Hammond*, No. 16-10629, ECF No. 10, PgID 119. Accordingly, each of the DTE Defendants, without additional action, is a private actor and not a "person acting under color of state law." The Court finds that there are no factual allegations

7

in the First Amended Complaint that reasonably suggest that any of the DTE Defendants engaged in conduct that could be construed as "state action." The Court concludes that Plaintiff's Complaint does not state a Section 1983 claim against any of the DTE Defendants.

For the reasons stated above, the Court holds that Plaintiff's First Amended Complaint does not state a federal claim against any of the DTE Defendants over which the Court can exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court also finds that there is no diversity of citizenship between Plaintiff and any of the DTE Defendants because, like Plaintiff, all of the DTE Defendants are residents of the State of Michigan. The Court holds that it does not have diversity jurisdiction over any of the DTE Defendants pursuant to 28 U.S.C. § 1332. Accordingly, the Court dismisses Plaintiff's cause of action as to the DTE Defendants for lack of subject matter jurisdiction.

To the extent that Plaintiff's Complaint, which spans more than 150 pages, asserts any state-law claims against any of the DTE Defendants, this Court declines to exercise supplemental jurisdiction over those state-law claims, having dismissed any and all of Plaintiff's federal claims.

### C. *Rooker-Feldman* Doctrine Operates to Bar this Cause of Action

The Court notes that, pursuant to the *Rooker-Feldman* doctrine, the Court does

not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine bars federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 674 (6th Cir. 2018) (citation and internal quotations omitted) (*Rooker-Feldman* doctrine "precludes federal district courts from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments."); *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (the *Rooker-Feldman* doctrine " prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment").

Plaintiff's alleged injuries stem from the state-court judgments rendered by the Court of Appeals Defendants and the Oakland County Defendants, as demonstrated by Plaintiff's express request that this Court "vitiate" those judgments in order to grant him relief. *See, e.g.,* ECF No. 11, PgID 270 (¶ 409); PgID 295 (¶ 470); PgID 296 (¶ 479). *See also* ECF No. 11, PgID 345-46. To grant Plaintiff the relief he seeks, however, the Court would have to review and reverse the state court decision rendered

by the Court of Appeals Defendants and the state court decisions of many of the Oakland County Defendants. For the Court to engage in that level of review, the Court would have to ignore – and violate – the established principles of the *Rooker-Feldman* doctrine. *See, e.g., Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (plaintiff's claims against the state court judge who presided over plaintiff's state court case directly implicated the *Rooker-Feldman* concerns). The Court will not do so.

Accordingly, the Court declines to exercise jurisdiction over Plaintiff's cause of action pursuant to the *Rooker-Feldman* doctrine.

### D. *Res Judicata* Operates to Bar Claims Against the DTE Defendants

The Full Faith and Credit Act provides, in relevant part, that "the records and judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of the state from which they are taken." *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004). Under Michigan law, a final judgment on the merits bars a subsequent suit involving the same transaction or occurrence and the same parties. *See, e.g., Sewell v. Clean Cut Mgt., Inc.*, 463 Mich. 569 (2001).

*Res judicata* will apply if: (1) the prior action was decided on the merits; (2) the decree in the prior action was a final decision; (3) the matter contested in the second

case was or could have been resolved in the first; and (4) both actions involved the same parties or their privies. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich.App. 1, 10 (2003). Michigan courts have broadly defined *res judicata* to bar litigation in the second action not only of those claims actually litigated in the first action, but also every claim arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not. *Sewell*, 463 Mich. at 575; *Dart v. Dart*, 460 Mich. 573, 586 (1999) (in Michigan, *res judicata* "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not"); *Peterson*, 259 Mich.App. at 11. For *res judicata* purposes, the test for determining whether two claims arise out of the same transaction or occurrence is whether the same facts or evidence are essential to the maintenance of the two actions. *Jones v. State Farm Mut. Ins. Co.*, 202 Mich.App. 393, 401 (1993).

The Court has reviewed the underlying nature of the cases attached to the Motion to Dismiss filed by the DTE Defendants, including: (a) the Judgment of the Michigan Court of Appeals – issued by the Court of Appeals Defendants – affirming the dismissal of five of Plaintiff's state court suits against DTE, Prince, and Hammond and summarizing many of Plaintiff's causes of action filed against the Oakland County Defendants; and (b) the orders issued by Judge Cox dismissing causes of

action brought by Plaintiff against DTE and Hammond (No. 15-11927) and Hammond alone (No.16-10629). *See* ECF Nos. 24-2, 24-3, and 24-4. The Court has also reviewed the other federal causes of action filed by Plaintiff related to the 2013 lawsuit (No. 17-20018; No. 15-11928; No. 15-11926).

The Court concludes that Plaintiff's claims in the instant case seek to revisit many of the issues previously decided – or allege claims that could have been raised – in: (1) the state court lawsuits filed by Plaintiff and decided by the Court of Appeals Defendants and/or many of the Oakland County Defendants, or (2) the federal causes of action cited in this Order. Accordingly, Plaintiff's claims against the DTE Defendants are barred by *res judicata*.

### IV. PLAINTIFF ENJOINED FROM FILING FUTURE LAWSUITS WITHOUT PERMISSION OF THE COURT

In Plaintiff's words, the instant action is approximately the 40th "case" he has filed related to the 2013 suit. ECF No. 1, PgID 83-85. In reality, it is only the 14th such case he has filed – five filed in the Circuit Court and nine filed in this court. *Id.* The other 26 "cases" were appeals of those cases to the Michigan Court of Appeals, the Michigan Supreme Court, the Sixth Circuit Court of Appeals, and the U.S. Supreme Court. *Id.* Most of the actions, particularly in this Court, have been summarily dismissed by the various judges assigned to the case. *See* No. 15-11926, *Constant v. Kumar* (Cox; summarily dismissed for absolute immunity); *Constant v.*

*DTE Electric Co., et al*, No. 15-11927 (Cox; summarily dismissed under 28 U.S.C. § 1915(e)); *Constant v. Schuette, et al.*, No. 15-11928 (Cox; summarily dismissed under 28 U.S.C. § 1915(e)); *Constant v. Hammond*, No. 16-10629 (Cox; summarily dismissed under 28 U.S.C. § 1915(e)); *Constant v. Schuette, et al.*, No. 16-11639 (Cox; summarily dismissed for failure to pay filing fee); *Constant v. Matthews*, No. 16-14501 (O'Meara; granting motion to dismiss based on absolute immunity); *Constant v. Chabot*, No. 17-10018 (Edmunds; summarily dismissed under 28 U.S.C. § 1915(e) due to absolute immunity).

As noted in a February 1, 2017 order issued by Judge Nancy G. Edmunds, "Plaintiff has a history of filing meritless litigation against state court judges and officials." *Constant v. Chabot*, No. 17-10018 (E.D. Mich. Feb. 1, 2017) (ECF No. 4, PgID 14 n.1) (citing No.15-11926, No. 15-11928). Judge Edmunds' observations were consistent with the views of the Michigan Court of Appeals, which upheld the imposition of fees and costs by some of the Oakland County Defendants against Plaintiff in conjunction with Plaintiff's litigation practices. *See* ECF No. 23-2, PgID 10877-88. For that reason, Judge Edmunds "strongly advised [Plaintiff] to review Rule 11 of the Federal Rules of Civil Procedure before filing future lawsuits to prevent against the imposition of monetary or injunctive sanctions." *Constant v. Chabot*, No. 17-10018 (E.D. Mich. Feb. 1, 2017) (ECF No. 4, PgID 14 n.1).

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *see also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. *See e.g.*, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

When filing the instant cause of action, the Court finds that Plaintiff failed to take Judge Edmunds' advice to review Rule 11 of the Federal Rules of Civil Procedure before filing this lawsuit. First, as discussed above, the Court of Appeals Defendants and Oakland County Defendants are unequivocally entitled to absolute

immunity, a legal conclusion expressly made clear to Plaintiff more than two years ago, with respect to at least two of Plaintiff's lawsuits filed in the Eastern District of Michigan. *See Constant v. Kumar*, No. 15-11926 (ECF No. 12, PgID 1928) ("Having reviewed Plaintiff's Complaint and Response, none of the alleged actions by Judge Kumar fall outside of the scope of judicial immunity."); No. 17-10018 (ECF No. 4, PgID 14 n.1) (same). Second, the Court has determined, Plaintiff's claims against the DTE Defendants are not eligible for resolution in the Eastern District of Michigan. As Plaintiff was expressly advised with respect to Hammond in 2016, the Court lacks subject matter jurisdiction over the DTE Defendants because none of them are state actors. *See* No. 16-10629, ECF No. 10, PgID 118-20.

Third, in this case, as in most of the other cases filed by Plaintiff against the DTE Defendants and the Oakland County Defendants, Plaintiff is attempting to collaterally attack prior unsuccessful lawsuits. All of Plaintiff's numerous meritless actions filed in this court – and the five cases he filed in Circuit Court – related to the 2013 suit in Circuit Court. Most of Plaintiff's cases have been filed against the DTE Defendants and the Oakland County Defendants, but in this case, Plaintiff has expanded his scope to include the Michigan Court of Appeals Defendants, all of whom are entitled to judicial immunity. Fourth, in addition to his claims being rejected before every court he has appeared, Judge Edmunds cautioned Plaintiff about

15

filing such cases in the future. Despite the foregoing facts, Plaintiff has not been deterred and the parties sued in this action have incurred unnecessary fees and costs to respond to Plaintiff's cause of action.

For all of the reasons stated above, the Court deems it appropriate to require that Plaintiff obtain permission of the district court for any new action to assure that the claims are not frivolous or harassing. Plaintiff is enjoined from further filing new actions without permission from the judge assigned to any new proposed complaint.

### V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motions to Dismiss filed by the Court of Appeals Defendants [ECF No. 23], the DTE Defendants [ECF No. 24], and the Oakland County Defendants [ECF No. 25] are GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED with prejudice. Judgment shall be entered accordingly.

**IT IS FURTHER ORDERED that Plaintiff Joseph Constant is ENJOINED from filing any new action without first obtaining permission from the judge assigned to any new proposed complaint sought to be filed, whether the documents is entitled "Complaint" or a letter or any other document.**

IT IS ORDERED.

|  | s/Denise Page Hood |
|---|---|
|  | DENISE PAGE HOOD |
| Dated:  May 31, 2020 | UNITED STATES DISTRICT JUDGE |